IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANDREW BENTON                                                    PLAINTIFF


         v.                           CASE NO.       13-2057


CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision

of the Commissioner of Social Security Administration (Commissioner) denying his claim for a

period of disability and disability insurance benefits (DIB) and supplemental security income

("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial

review, the court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g)*.*


### I.  Procedural Background:

The plaintiff filed an applications for DIB on  March 25, 2010, alleging an onset date of

January 17, 2009, due to plaintiff's deteriorating disc in back and obesity (T. 154).  Plaintiff's

applications were denied initially and on reconsideration.  Plaintiff then requested an

administrative hearing, which was held on April 24, 2011.  Plaintiff was present and represented

by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael
J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 32 years of age and possessed a 12th grade education.  The Plaintiff  had past relevant work ("PRW") experience as a band saw operator, machine operator, security guard, and tennon saw operator. 1  (T. 156).

On August 31, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's degenerative disc disease and morbid obesity did not meet or equal any Appendix 1 listing.  T. 16.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with additional restriction.  T. 17.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as  production assembler, machine tender, and charge account clerk.  T. 23.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

-2-

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

### A. Step Two:

The ALJ determined that the Plaintiff had severe impairments of degenerative disc

disease of the lumbar spine and obesity. (T. 16).  The Plaintiff argues the ALJ committed error by failing to consider his Meralgia Paresthetica as severe. (ECF No. 9, p. 17).

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985).  If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(c).

On May 19, 2009, Plaintiff came to Dr. Edwards again complaining of back pain (Tr. 315). Dr. Edwards found Plaintiff had a limited range of motion in his lumbar spine. Id. Dr. Edwards diagnosed plaintiff with back pain, radiculitis, sciatica, and hyperlipidemia (Tr. 316). On May 26, 2009, Plaintiff reported that he had been on his back for a week and that his right leg had a burning pain and numbness (Tr. 313). Once again, Dr. Edwards diagnosed plaintiff with lumbago, sciatica, and radiculitis (Tr. 312). On June 1, 2009, an MRI of Plaintiff's lumbar spine revealed disc desiccation at L5-S1 and a disc bulge that contacted the left S1 nerve root (Tr. 366). Plaintiff reported to Dr. Edwards again with back pain (Tr. 310). Dr. Edwards once again diagnosed plaintiff with

radiculitis (Tr. 311).

The Plaintiff was referred to Dr. Queeney, a neurosurgeon, for "surgical evaluation of low back pain and right lower extremity paresthesias (prickly, tingling sensation). (T .211). Dr. Queeney found that the Plaintiff had "some minimal disc protrusion **off to the left side (**emphasis in the original) at L5-S1" but that this condition was "not causing any right lower extremity symptoms. (T. 212). Dr. Queeney diagnosed Plaintiff with Meralgia Paresthetica, finding that his lateral femoral cutaneous nerve was compressed (Tr. 212). Meralgia paresthetica is a condition characterized by tingling, numbness and burning pain in the outer thigh. The cause of meralgia paresthetica is compression of the nerve that supplies sensation to the skin surface of the thigh. Tight clothing, obesity or weight gain, and pregnancy are common causes of meralgia paresthetica.[2].  Dr. Queeney found that the Plaintiff's "lumber spine is fine other than the arthritis and this is the source of his back pain and he did not recommend any surgery for the Plaintiff (Id.).

Dr. Honghiran found that the Plaintiff did not show any sign of a herniated disc and that his moderate obesity "seems to be the main problem that causes back pain." (T. 370).  Since obesity is a causation factor for meralgia paresthetica it is clear that the ALJ did consider this condition in factoring in the Plaintiff's RFC.  The Plaintiff did not list Meralgia Paresthetica as an impairment when he filed for disability. (T. 154). The fact that the plaintiff did not allege the impairment as a basis for his disability in his application for disability benefits is significant, even if the evidence of the impairment  was later developed. See *Smith v. Shalala*, 987 F.2d

---

[2] (http://www.mayoclinic.org/diseases-conditions/meralgia-paresthetica/basics/definition/con-20030852 )

1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8ᵗʰ Cir. 2001) The court

finds no error in the ALJ failing to find the Plaintiff meralgia paresthetica severe.

**B.  Residual Functional Capacity:**

The ALJ determined that the Plaintiff had the Residual Functional Capacity to "perform

sedentary work"[3] except that he could "only occasionally climb, balance, stoop, kneel, crouch, or

crawl and must avoid all exposure to hazards such as unprotected heights, unprotected moving

machiner, and driving as a part of work duties." (T. 17).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained

work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§

404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all

relevant evidence in the record.  *Id*.  This includes medical records, observations of treating

physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v.

Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th

Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the

assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth

Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v.

Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a

claimant's RFC must be supported by medical evidence that addresses the claimant's ability to

---

[3] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary when carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a).

function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**1. Credibility.**

The Plaintiff contends the ALJ erred in finding the Plaintiff's subjective complaints only partially credible. (ECF No. 9, p. 18).

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ).  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*  687 F.3d 1086, 1091 (C.A.8 (Ark.),2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012)

**2. Development of the Record.**

The Plaintiff contends the ALJ committed error by failing to develop the record in allowing him additional time to secure physical therapy records. (ECF No. 9, p 19)

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

The hearing before the ALJ was concluded on April 21, 2011. (T. 27). At the conclusion of the hearing the ALJ left the record open for th e Plaintiff to submit additional evidence. (T. 66).  Plaintiff's counsel informed the ALJ on May 26, 2011, that "all additional evidence has been submitted" and that the record could be closed (Tr. 199).  On September 24, 2012 the Office of Review Counsel granted the Plaintiff an additional 25 days to submit any new and material evidence. (T. 6).  On October 19, 2012  the Plaintiff requested additional time to present evidence (T. 5) which was denied on December 20, 2012. (T. 4).  The Plaintiff had well over five

months to supply any relevant medical evidence and failed to do so.  Dr. Queeney's notes reflect

that the Plaintiff told him he had "about 20 sets of physical therapy" and indicated that those did

"help" him. (T. 211).

There is no bright line rule indicating when the Commissioner has or has not adequately

developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v.

Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994).  Plaintiff has not shown prejudice or unfair

treatment as a result of any alleged failure to develop the record. *See Haley v. Massanari*, 258

F.3d 742, 748 (8th Cir. 2001). In this case the court finds no error in failing to allow additional

time to submit physical therapy records.

### 3.  Obesity

The Plaintiff contends that the ALJ erred in discounting how Plaintiff's obesity

significantly exacerbated his lumbar spine condition. (ECF No. 9, p. 18).

Social Security Ruling ("SSR") 02-1p provides guidance for evaluating obesity.  It states

that obesity can cause a limitation of function.  *See* SSR 02-1p, at www.westlaw.com (Last

accessed 07/08/2013).  The functions likely to be limited depend on many factors, including

where the excess weight is carried.  *Id*.  However, an individual may have limitations in any of

the exertional functions such as *siting,* standing, walking, lifting, carrying, pushing, and pulling.

*Id.*  Obesity may also affect the ability to do postural functions, such as climbing, balancing,

stooping, and crouching.  *Id*.  SSR 02-1p further explains that the combined effects of obesity

with other impairments may be greater than might be expected without obesity providing "[f]or

example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain

and limitation than might be expected from the arthritis alone."

The ALJ determined the Plaintiff's obesity to be a severe impairment (T. 16) but noted that the Plaintiff's treating physician recommended that the Plaintiff "exercise (leg lifts, back strengthening, and water sports), diet, and lose weight (Exhibit 3F)." (T. 19). As discussed below, the ALJ considered the Plaintiff's obesity in assessing his RFC.

### 4. RFC Evaluation

Dr. Edwards, the Plaintiff's treating physician, provided a Physical RFC assessment that found the Plaintiff could only sit or stand for one hour before needing to change position and could only sit and stand or walk for about 2 hours in an 8 hour work day. (T. 205).  He also felt he would need to take unscheduled breaks every hour. (Id.). He could lift less than 10 pounds frequently, 10 pounds occasionally, 20 pounds rarely, and never lift 50 pounds. He also found postural limitation. (T. 206).

In June 2010  Dr. Bill Payne, a non-examining consultive physician, felt the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, and that he could stand and/or walk, and sit for 6 hours in an 8 hour day. (T. 275). Dr. Payne did not note any postural limitations. (T. 276). Dr. Payne's opinion was reviewed and affirmed by Dr. Julius Petty in August 2010.

 "When one-time consultants dispute a treating physician's opinion, the ALJ must resolve the conflict between those opinions." *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir.2000). "As a general matter, the report of a consulting physician who examined a claimant once does not constitute 'substantial evidence' upon the record as a whole. Id.

In this case, however, the Plaintiff was examined by a Neurosurgeon (Dr. Queeney) and an Orthopaedist (Dr. Honghiran).  Dr. Honghiran specifically found that the had "no sign of a herniated disk." (T. 370.  Dr. Queeney noted that the Plaintiff had "some minimal disc protrusion

-10-

off tot he left side at L5-S1.  This is not causing any right lower extremity symptoms." (T. 212).

Dr. Queeney did not recommend any surgery and stated that the Plaintiff's "lumbar spine is fine

other than the arthritis and this is the source of his back pain."  (Id.)  Opinions of specialists on

issues within their areas of expertise are "generally" entitled to more weight than the opinions of

non-specialists. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). *Guilliams v. Barnhart*  393

F.3d 798, 803 (C.A.8 (Mo.),2005), 20 C.F.R. § 404.1527.

It is the ALJ's function to resolve conflicts among 'the various treating and examining

physicians.' " *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir.1995). The ALJ may reject the

conclusions of any medical expert, whether hired by the claimant or the government, if they are

inconsistent with the record as a whole. *Id*.  *Johnson v. Apfel*  240 F.3d 1145, 1148 (C.A.8

(Neb.),2001)

The court finds that the ALJ properly discounted the opinions of a consulting physician

and several treating physicians as to Plaintiff's residual functional capacity (RFC),  *see Renstrom

v. Astrue*, 680 F.3d 1057 at 1064 (treating physician's opinion does not automatically control);

*Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir.2004) (generally when consulting physician

examines claimant only once, his opinion is not considered substantial evidence); that Plaintiff

failed to meet his burden of demonstrating his RFC, *see Perks v. Astrue*, 687 F.3d 1086, 1092

(8th Cir.2012); and that the ALJ's  hypothetical to the vocational expert (VE) accounted for all of

Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's

testimony constitutes substantial evidence when it is based on hypothetical that accounts for all

of claimant's proven impairments; hypothetical must include impairments that ALJ finds

substantially supported by record as a whole).

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this July 21, 2014.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE